UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CLIFTON MOFFAT,**

        **Plaintiff,**                      Case No. 09-14696

vs.                                         HONORABLE DENISE PAGE HOOD

**MICHIGAN DEPARTMENT OF CORRECTIONS, PRISON HEALTH SERVICES, INCORPORATED, ADAM EDELMAN, HARRIOT SQUIER, REGINA WALKER, HARESH B. PANDYA, GEORGE PRAMSTALLER, CRAIG HUTCHINSON, PATRICIA CARUSO, WALTER F. FINAN, BETHANY STEVENS, E. SKUTT, CHARLES MANGUS, J. ARMSTRONG, E. TAYLOR, G. STEPHENSON, SABRINA AIKEN, CORRECTIONAL MEDICAL SERVICES, INCORPORATED, MEHDI ALMASI, ANITA M. NORONHE, PATRICK J. GEML, HUGH WOLFENBARGER, JEFFREY STIEVE, JACQUELINE D. CATCHINGS,**

        **Defendants.**
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT MOTIONS TO DISMISS CMS DEFENDANTS (D/E #42) and PHS DEFENDANTS (D/E #44) AND ACCEPTING REPORT AND RECOMMENDATION TO DISMISS AND/OR GRANT SUMMARY JUDGMENT TO MDOC DEFENDANTS (D/E #45 and #56

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and

Recommendation to Grant Motions to Dismiss CMS Defendants (D/E #42) and PHS

DEFENDANTS (D/E #44) **[Docket No. 73, filed on May 21, 2010]**. This matter is also before

1

the Court on Magistrate Judge Morgan's Report and Recommendation to Dismiss and/or Grant Summary Judgment to MDOC Defendants (D/E #45 and #56) **[Docket No. 74, filed on May 21, 2010]**. Objections were filed by Plaintiff, the MDOC Defendants, and Defendants Correctional Medical Services, Inc., Harriet Squier, M.D., Regina Walker, R.N., Craig Hutchinson, M.D., Anita M. Noronha, M.D., Patrick Geml, P.A., and Mehdi Almasi, M.D. **[Docket Nos. 75, 76, 77, 78, and 79]**. Responses to the objections were also filed by the aforementioned parties.

Plaintiff Clifton Moffat filed this matter on December 2, 2009, under 42 U.S.C. § 1983, alleging claims against the State of Michigan, Michigan Department of Corrections, Prison Health Services (PHS), Adam Edelman, Harriot Squier, Regina Walker, Haresh Pandya, George Pramsteller, Craig Hutchinson, Patricia Caruso, Walter Finan, E. Skutt, Charles Mangus, J. Armstrong, E. Taylor, G. Stephenson, Subrina Aiken, Correctional Medical Services, Inc., Mehdi Almasi, Anita Noronha, Patrick Geml, Hugh Wolfenbarger, Jeffrey Stieve, and Jacqueline Catchings. Plaintiff claims the Defendants showed deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution.

The Magistrate Judge recommends that the claims against defendants PHS, Edelman, Squier, Walker, Hutchinson, CMS, Almasi, Noronha, and Geml, Finan, and Catchings[1] for failure to state a claim upon which relief can be granted. The Magistrate Judge recommends that the claims against the State of Michigan, MDOC and claims for monetary damages against the other defendants operating in their official capacities should be dismissed based on Eleventh Amendment Immunity. The Magistrate Judge also recommends Defendants Stevens and

---

[1] Defendants Finan and Catchings have not yet been served, but the recommendation for a *sua sponte* dismissal is based on the same grounds as the other defendants.

Armstrong be dismissed *sua sponte*. For the reasons set forth below, the Court ACCEPTS Magistrate Judge Virginia M. Morgan's Report and Recommendation to Grant Motions to Dismiss CMS Defendants (D/E #42) and PHS DEFENDANTS (D/E #44) and ACCEPTS Magistrate Judge Morgan's Report and Recommendation to Dismiss and/or Grant Summary Judgment to MDOC Defendants (D/E #45 and #56).

## II. STANDARDS OF REVIEW

### A. Report and Recommendation

The standard for review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."

### B. Rule 12(b)(6) Dismissal

Dismissal is appropriate under the Federal Rules of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In a ruling on Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.3d 857, 858 (6th Cir. 1976).

## III. ANALYSIS

The Magistrate Judge stated that, contrary to the arguments put forth in the Motion to

Dismiss (Docket No. 42), Plaintiff has not failed to exhaust his administrative remedies, and dismissal is not proper on that ground. Defendants object, stating that Plaintiff has not exhausted his administrative remedies relative to specific defendants, who were not named on various grievances filed by Plaintiff. This Court finds that Plaintiff has exhausted the administrative remedies available to him. Plaintiff filed grievances according to the MDOC policy on three occasions. Each grievance referenced Plaintiff's knee injury, and made the claim that he had received inadequate medical treatment for the injury. Plaintiff's third grievance was determined to be "duplicative" of his earlier grievance. Defendants also object on the grounds that the grievance procedure did not provide them with notice of Plaintiff's claim. However, as the Magistrate Judge explained, the primary purpose of the exhaustion requirement is not notice – it is not intended to substitute either the summons or the complaint. This Court agrees with the Magistrate Judge's reasoning and conclusion for determining Plaintiff has satisfactorily exhausted his administrative remedies with respect to all named Defendants.

The Magistrate Judge stated that Plaintiff failed to state a claim upon which relief can be granted with respect to CMS or PHS, on the grounds that Plaintiff did not identify a policy, custom, or practice implemented by CMS or PHS, connect the policy to CMS or PHS, and show that his injury was caused due to the execution of that policy. Plaintiff objects, stating that, through his various grievances and exhibits to the Complaint, he specifically referenced an MDOC Policy Directive and a contract between MDOC and the State of Michigan. Although Plaintiff has identified a policy, namely P.D.03.04.100, he has failed to demonstrate that any deliberate indifference to a serious medical need was caused by the execution of the policy. This Court finds that Plaintiff has failed to state a claim upon which relief can be granted against

4

either CMS or PHS, and both parties must be dismissed.

The Magistrate Judge determined Plaintiff has failed to state a violation of his Eighth Amendment rights to adequate medical care, by failing to allege facts that demonstrate a deliberate indifference to serious medical needs. Deliberate indifference is demonstrated by satisfying two elements: an objective element demonstrating that Plaintiff had a serious medical need, and a subjective element demonstrating that the defendant subjectively perceived a risk of harm and then disregarded it. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Defendants object to the Magistrate Judge's finding that Plaintiff successfully stated a claim upon which relief can be granted, stating that Plaintiff merely had degenerative changes related to a knee surgery performed in 1991. For purposes of a motion to dismiss, the plaintiff's allegations are taken as true. Plaintiff alleged that he suffered a knee injury that has caused him great pain. He also provides records chronicling the treatment that he actually received for that pain. Finally, as the Magistrate Judge points out, Plaintiff alleges that multiple medical doctors recommended that he be seen by an orthopedic surgeon. This Court finds that Plaintiff has satisfied the objective element of demonstrating that he had serious medical need.

Plaintiff objects to the Magistrate Judge's finding that he fails to establish the second, subjective element, stating that she "avoided the Plaintiff's problem." (Plaintiff Clifton Moffat's Objections to Magistrate Judge's Report & Recommendation to Grant Motions to Dismiss CMS Defendants (D/E #42) and PHS Defendants (D/E #44) of May 21, 2010, at 3). Plaintiff's medical injury was addressed and accepted in the finding that Plaintiff had a serious medical need. Plaintiff has failed to show that Defendants subjectively perceived a risk of harm, and then

5

disregarded it. According to Plaintiff's own claims, Plaintiff was examined on several occasions, provided with medical treatment, and underwent various tests in connection with his injury. Although Plaintiff did not receive surgery, this was not based on indifference to Plaintiff's need, but rather a medical decision that surgery was not the proper course of treatment. Because Plaintiff has not satisfied the second element of demonstrating deliberate indifference to a serious medical need, Plaintiff fails to state a claim upon which relief may be granted, and his claim must be dismissed.[2]

Plaintiff concedes that the MDOC and the State of Michigan are not proper parties to this suit, because the Eleventh Amendment bars suit against the state and state agencies, unless the state has consented to such suit. Plaintiff objects to the Magistrate Judge's recommendation, arguing that he can still sue the individual defendants, in their official capacity, for injunctive or declaratory relief. The Magistrate Judge says exactly that in her R&R (Docket No. 74), stating "the only claims plaintiffs can bring are claims for declaratory or injunctive relief against defendants in their official or individual capacities, and claims for damages against defendants in their individual capacities." (18). As discussed above, however, Plaintiff's claims fail on the merits.

Plaintiff also objects to the Magistrate Judge's finding that Defendant Pandya is the only defendant who is not entitled to summary judgment on the basis that no genuine issue of material fact exists as to her personal involvement in Plaintiff's medical treatment. His objection does not demonstrate that the other defendants were personally involved, but reiterates his earlier

---

[2] Despite Plaintiff's objection to the contrary, the same result would apply to Defendants Finan, Catchings, Steven, and Amstrong, forming the basis for the Magistrate Judge's recommendation that they be dismissed *sua sponte*.

arguments. The Magistrate Judge correctly found that all other defendants were entitled to summary judgment on the claim, as they were not personally involved in the medical treatment that Plaintiff alleges amounted to a constitutional violation.[3]

## IV. CONCLUSION

For the reasons set forth above and in the Reports and Recommendations,

**IT IS ORDERED** that Magistrate Judge Virginia M. Morgan's Report and Recommendation to Grant Motions to Dismiss CMS Defendants (D/E #42) and PHS defendants (D/E #44) **[Docket No. 73, filed on May 21, 2010]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law. Magistrate Judge Morgan's Report and Recommendation to Dismiss and/or Grant Summary Judgment to MDOC Defendants (D/E #45 and #56) **[Docket No. 74, filed on May 21, 2010]** is also **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services, Inc., Squier, Walker, Hutchinson, Noronha, Geml, and Almasi's Motion to Dismiss Pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6) **[Docket No. 42, filed on February 23, 2010]**; Defendant Prison Health Services, Inc., Squier and Edelman's Motion to Dismiss **[Docket No. 44, filed on filed on February 26, 2010]**; Defendants MDOC, Caruso, Stieve, Wolfenbarger, Stephenson, Taylor, Skutt, and Pramstaller's Motion for Summary Judgment **[Docket No. 45, filed on filed on February 26, 2010]**; and Defendants Pandya, Mangus, and Aiken's Motion for

---

[3] Plaintiff objects on other grounds, arguing that the Magistrate Judge failed to utilize and take judicial notice of various affidavits, letters, newspaper articles, and books in making her recommendation. He provides no factual or legal basis for this objection, and the objection is not specific to any finding made in either Report and Recommendation.

Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Summary Judgment Pursuant to Fed. R. Civ. P. 56 **[Docket No. 56, filed on March 22, 2010]** are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Finan, Catchings, Armstrong, and Stevens are **DISMISSED** *sua sponte*.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**

        s/Denise Page Hood  
        Denise Page Hood  
        United States District Judge

Dated: September 27, 2010

    I hereby certify that a copy of the foregoing document was served upon Clifton Moffat, Reg. No. 511589, Pine River Correctional Facility, 320 N. Hubbard St., St. Louis, MI 48880 and counsel of record on September 27, 2010, by electronic and/or ordinary mail.

        s/William F. Lewis  
        Case Manager